UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BURNETTE M.,[1]

|                                         |                        |
|-----------------------------------------|------------------------|
| Plaintiff,                              | Case # 20-CV-6105-FPG  |
| v.                                      | DECISION AND ORDER     |
| COMMISSIONER OF SOCIAL SECURITY,        |                        |
| Defendant.                              |                        |

## INTRODUCTION

Plaintiff Burnette M. brings this action pursuant to the Social Security Act (the "Act") seeking review of the final decision of the Commissioner of Social Security that denied her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c). Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 15, 16. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and the ALJ's decision is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

In August 2016, Plaintiff applied for DIB and SSI with the Social Security Administration ("the SSA"). Tr.[2] 169-82. She alleged disability since August 2016 due to obesity, high blood pressure, arthritis, bilateral knee issues—including a history of a left knee replacement performed August 8, 2015 and degenerative changes to the right knee. Tr. 19, 87; ECF No. 16-1 at 3; ECF

---

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF No. 14.

No. 15-1 at 2.  In December 2018, Administrative Law Judge Asad M. Ba-Yunus ("the ALJ") issued an unfavorable decision.  Tr. 12-21.  The Appeals Council denied Plaintiff's request for review on December 20, 2019, making the ALJ's decision the final decision of the SSA.  Tr. 1-6. Plaintiff then appealed to this Court.  ECF No. 1.

## LEGAL STANDARD

### I.    District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g).  The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence.  42 U.S.C. § 405(g).  "Substantial evidence means more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted).  It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II.   Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986).  At Step One, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b).  If so, the claimant is not

disabled.  If not, the ALJ proceeds to Step Two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities.  *Id.* § 416.920(c).  If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled."  If the claimant does, the ALJ continues to Step Three.

At Step Three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings").  *Id.* § 416.920(d).  If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *id.* § 416.909, the claimant is disabled.  If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments.  *See id.* § 416.920(e)-(f).

The ALJ then proceeds to Step Four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work.  *Id.* § 416.920(f).  If the claimant can perform such requirements, then he or she is not disabled.  *Id.*  If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled.  *Id.* § 416.920(g).  To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience.  *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 416.960(c).

**DISCUSSION**

## I.   The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits under the process described above.  At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 19, 2016, her alleged onset date, but noted that Plaintiff had worked on a part-time basis since that date.  Tr. 17.  Specifically, the ALJ noted that Plaintiff has worked four hours per day, five days weekly, performing lunch service at a school.  *Id.*  However, the ALJ found that Plaintiff's earnings do not rise to the level of substantial gainful activity.  *Id.*  At Step Two, the ALJ found that Plaintiff had the following severe impairments: degenerative joint disease of the bilateral knees, bilateral knee osteoarthritis, and obesity.  *Id.*  At Step Three, the ALJ found that these impairments did not meet or medically equal any Listings impairment.  *Id.* at 18.

Next, the ALJ determined that Plaintiff had the RFC to perform light work with additional limitations.  Tr. 18-20.  At Step Four, the ALJ found that Plaintiff is capable of performing her past relevant work as a cleaner and cafeteria helper and that these occupations do not require the performance of work-related activities precluded by Plaintiff's RFC.  *Id.* at 20-21.  The ALJ therefore found that Plaintiff was not disabled.  *Id.* at 21.

## II.   Analysis

Plaintiff argues that remand is required because the ALJ discounted the only medical opinion as to her physical ability to work and then relied on her lay opinion to create the RFC, which rendered the RFC unsupported by substantial evidence.[3] ECF No. 15-1 at 11-18.  The Court agrees.

---

[3] Plaintiff advances other arguments that she believes require reversal of the Commissioner's decision.  However, because the Court disposes of this matter based on the ALJ's improper reliance on her lay opinion, those arguments need not be reached.

"[A]n ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." *Wilson v. Colvin*, No. 13-CV-6286P, 2015 WL 1003933, at *21 (W.D.N.Y. Mar. 6, 2015) (citation omitted). Thus, even though the Commissioner is empowered to make the RFC determination, "[w]here the medical findings in the record merely diagnose [the] claimant's exertional impairments and do not relate those diagnoses to specific residual functional capabilities," the general rule is that the Commissioner "may not make the connection [her]self." *Id.* (citation omitted); *Jermyn v. Colvin*, No. 13-CV-5093 (MKB), 2015 WL 1298997, at *19 (E.D.N.Y. Mar. 23, 2015) ("[N]one of these medical sources assessed Plaintiff's functional capacity or limitations, and therefore provide no support for the ALJ's RFC determination.").

Here, the record contains one medical opinion as to Plaintiff's physical ability to work. In September 2016, consultative examiner Dr. Harbinder Toor, M.D. performed an internal medicine examination of the Plaintiff. Tr. 296-299. Based on that examination, Dr. Toor opined that Plaintiff has a "moderate to marked limitation standing, walking, bending, lifting, or carrying" and a "mild limitation sitting for a long time." Tr. 298. Toor also indicated that Plaintiff had "[d]ifficulty getting on and off [the] exam table" and "[d]ifficulty getting out of [a] chair." *Id.* at 297.

The ALJ found Toor's opinion "somewhat minimally persuasive" and assigned it "only some probative value." Tr. 19. In discounting Toor's opinion, the ALJ noted the fact that Plaintiff has continued working in a limited capacity. *Id.* However, as discussed above, the ALJ had already determined that Plaintiff's work was not dispositive of the issue of disability because it did not amount to "substantial gainful activity," *see id.* at 17, and consideration of that work in the

RFC formulation is not a substitute for a function-by-function analysis.  Moreover, the Second

Circuit has "stated on numerous occasions" that the claimant "need not be an invalid" to be

disabled under the Act.  *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998) (citation omitted).

As discussed above, the ALJ here found that Plaintiff could perform light work with the

following additional limitations: Plaintiff may no more than occasionally balance, stoop, kneel,

crouch, crawl, and climb ramps and stairs, but never climb ladders, ropes, and scaffolds, and must

avoid all unprotected heights and dangerous machinery, but may occasionally operate a motor

vehicle.  Tr. 18.

> Light work 'involves lifting no more than 20 pounds at a time with frequent lifting
> or carrying of objects weighing up to 10 pounds.  Even though the weight lifted
> may be very little, a job is in this category when it requires a good deal of walking
> or standing, or when it involves sitting most of the time with some pushing and
> pulling of arm or leg controls.  To be considered capable of performing a full or
> wide range of light work, you must have the ability to do substantially all of these
> activities.  If someone can do light work, we determine that he or she can also do
> sedentary work, unless there are additional limiting factors such as loss of fine
> dexterity or inability to sit for long periods of time.'

20 C.F.R. §§ 404.1567(b), 416.967(b).

Thus, the ALJ's RFC finding, which provided no additional limitations regarding

Plaintiff's walking or standing ability, somehow determined, without explanation, that Plaintiff

can perform the " good deal of walking or standing" required for light work, Tr. 19, despite the

fact that Dr. Toor opined that Plaintiff "appeared to be in moderate pain," had an "abnormal" gait

with a  "slight[ ] limp toward left side," and had a "moderate to marked limitation" in, *inter alia*,

standing and walking.  Tr. 296, 298.  It is unclear to the Court how the ALJ, who is not a medical

professional, was able to make this determination regarding Plaintiff's standing and walking

abilities without reliance on a medical opinion.  *See Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th

Cir. 1990) ("[J]udges, including administrative law judges of the [SSA], must be careful not to

succumb to the temptation to play doctor."). Regardless of whether the ALJ properly discounted Dr. Toor's opinion, she created a gap in the record when she rejected the only medical opinions as to Plaintiff's ability to walk, stand, and sit. *See Covey v. Colvin*, 204 F. Supp. 3d 497, 507 (W.D.N.Y. 2016).

When an ALJ does not rely on a medical opinion to formulate the RFC, she must "provide a function-by-function analysis of [the claimant]'s work-related capacity." *Ford v. Colvin*, No. 12-CV-301A, 2013 WL 4718615, at *8 (W.D.N.Y. Sept. 3, 2013). Here, although the ALJ specifically indicated that she found that Dr. Toor's opinion was "not consistent with the remaining records" and noted Plaintiff's part-time work—which the ALJ had already determined did not amount to "substantial gainful activity"—she did not explain what evidence, other than Plaintiff's part-time work, led her to conclude that Plaintiff could perform the walking and standing requirements of light work. Tr. 19. Indeed, a medical opinion is still required to assess Plaintiff's ability to walk, stand, sit, and perform other physical functions. *Ellersick v. Berryhill*, No. 17-CV-109-FPG, 2017 WL 6492519, at *5 (W.D.N.Y. Dec. 19, 2017); *see also* 20 C.F.R. §§ 404.1545, 416.945; *Kain v. Colvin*, No. 15-CV-6645-FPG, 2017 WL 279560, at *5 (W.D.N.Y. Jan. 23, 2017) ("Just because [the plaintiff] reported "doing well" at a handful of appointments . . . with [his treating physician], does not mean that his opinions are not credible or that [the plaintiff] is capable of full-time competitive employment.").

Without reliance on a medical source's opinion or a function-by-function assessment connecting the medical evidence to the RFC, the ALJ's decision leaves the Court with many unanswered questions and does not afford an adequate basis for meaningful judicial review. Accordingly, the Court finds that the ALJ's RFC assessment is not supported by substantial evidence and that remand is required.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings, ECF No. 15, is GRANTED, the Commissioner's motion for judgment on the pleadings, ECF No. 16, is DENIED, and the matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g).  The Clerk of Court shall enter judgment and close this case.

IT IS SO ORDERED.

Dated: September 29, 2021
        Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York